# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| Tammie Smoak, | ) |
|                 Plaintiff, | ) Civil Action No.: 5:17-cv-01848-JMC |
| v. | ) **ORDER** |
| SI Group, Inc., | ) |
|                 Defendant. | ) |

This matter is before the court upon review of Magistrate Judge Shiva v. Hodges' Report and Recommendation ("Report") (ECF No. 22), filed on February 13, 2018, recommending the court dismiss Plaintiff's Second Cause of Action for wrongful termination in violation of public policy for failure to state a claim upon which relief can be granted. (ECF No. 7); *see* Fed. R. Civ. P. 12(b)(6).

The Magistrate Judge's Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made, and the court may accept, reject, or modify, in whole or in part, the magistrate judge's recommendation or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

The parties were advised of their right to file objections to the Report. (ECF No. 12.) Neither party filed objections to the Report.

In the absence of objections to the Magistrate Judge's Report, the court is not required to provide an explanation for adopting the recommendation. *See Camby v. Davis*, 718 F.2d 198, 199 (4th Cir. 1983). Rather, "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Furthermore, failure to file specific written objections to the Report results in a party's waiver of the right to appeal from the judgment of the district court based upon such recommendation. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985).

After a thorough review of the Report and the record in this case, the court finds the Report provides an accurate summary of the facts and law and does not contain clear error. Therefore, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 22) granting Defendant's Partial Motion to Dismiss (ECF No. 7) for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). For the reasons articulated by the Magistrate Judge, Plaintiff's Second Cause of Action pled is **DISMISSED** for failure to state a claim upon which relief can be granted.

**IT IS SO ORDERED.**

                                                                                                    United States District Judge

July 19, 2018
Columbia, South Carolina